**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 5 2000**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

TERRY COLEMAN,

    Plaintiff-Appellant,

v.

SHERIFF, Wyandotte County, Kansas;
J.B. HOPKINS, Jail Administrator;
JOANNE TREYHE, Mail Clerk,
Wyandotte County Detention Center;
CARLA HARRIS, Classification
Worker, Wyandotte County Detention
Center; DAVID CLINTSMAN, Deputy
Sheriff, Wyandotte County Sheriff's
Office,

    Defendants-Appellees.

No. 00-3109

(D.C. No. 00-CV-3002-GTV)
(D.Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terry Coleman, a state inmate appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Coleman claims that the defendants conspired to interfere with his mail. He also claims that he was placed in administrative segregation in retaliation for exercising his First Amendment rights. The district court dismissed the complaint because it failed to state a claim for which relief could be granted. We affirm.

<u>Interference with Coleman's Mail</u>

On August 18, 1999, the District Court for the Western District of Missouri sent an order via certified mail to Coleman at the Wyandotte County Jail, instructing him to correct defects in a complaint in a civil action in that court. At the time the order was sent, Coleman was in the Brown County Jail in Minneapolis, Kansas. The return receipt was signed by Mary E. Nichols. The envelope was stamped "refused" and "return to sender." It is unclear whether there was an attempt to forward the mail to the Brown County Jail.

Coleman contends that the mailing was received at the Wyandotte County Jail on August 19 because mail takes only one day to travel between Missouri and Kansas. August 19 is significant to Coleman because on that date David Clintsman commented to Coleman that "Missouri Probation and Parole just called

2

about you." Clintsman also asked the deputies at the Ottawa County Jail: "Is this one here [Coleman] trying to quote federal law to you guys?" The receipt shows the mail was not actually received until August 22, however, so there is no evidence that Clintsman's comments were linked to the mail.

When Coleman returned to the Wyandotte County Jail, he learned the Missouri district court had dismissed his complaint for failure to comply with the court's order. Coleman filed a grievance with the mail clerk, Joanne Treyhe, who responded that Coleman had not received any legal mail in August. Coleman notified the district court that he did not receive the order and the court vacated the dismissal.

Coleman argues that the defendants continue to tamper with his mail because his motion to subpoena phone records and motion to appoint counsel did not reach the court. Coleman's correspondence with the district court shows that Coleman resubmitted the motions and the court received them.

Coleman is correct that he has a constitutional right to adequate, effective, and meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985). However, to bring a claim based on the denial of access to the courts, a party must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996). There is no reason to believe that Coleman's

3

litigation has been prejudiced. The court vacated the dismissal that was caused by Coleman's failure to receive the court order. Coleman refiled his motion to subpoena phone records and motion to appoint counsel and the court received them. Coleman argues that he could prove a conspiracy to interfere with his mail if the Missouri district court had granted his motion to subpoena evidence. However, decisions made by a federal district court in Missouri are not reviewable by this court.

<u>Administrative Segregation</u>

Coleman contends his constitutional rights have been violated because he was placed in administrative segregation from November 22 through December 8, 1999, in retaliation for the grievance he filed.

In order to base a § 1983 claim on administrative segregation, Coleman needs to show that the prison condition complained of presents the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995); <u>Cosco v. Uphoff</u>, 195 F.3d 1221, 1223 (10th Cir. 1999). An allegation of administrative segregation, without allegations that the conditions of that segregation are atypical and significant, is insufficient. "'[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'" <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1407 (10th Cir. 1996)

4

(quoting Hewitt v. Helms , 459 U.S. 460, 468 (1983)). Coleman has made no allegations of facts that suggest the conditions of his administrative segregation were significant or atypical.

AFFIRMED.  Coleman is reminded that he is obligated to continue making partial payments on his filing fees until they are paid in full.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge